**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| RODRIGO CARVALHO DE ANDRADE, <br><br> Petitioner, <br><br> v. <br><br> MICHAEL NESSINGER, Warden of Wyatt Detention Facility, DAVID T. WESLING, Boston Acting Field Office Director, U.S. Immigration and Customs Enforcement; TODD LYONS, Acting Director, U.S. Immigrations and Customs Enforcement, and MARKWAYNE MULLIN, U.S. Secretary of Homeland Security, <br><br> Respondents. | Case No. 26-183 <br><br> **PETITION FOR WRIT OF HABEAS CORPUS** |

**INTRODUCTION**

1. Petitioner Rodrigo Carvalho de Andrade is noncitizen from Brazil who arrived in the United States on approximately March 4th, 2021. Since arriving in this country more than four years ago, he has applied for asylum, been legally working, has had no criminal arrests, has become the father of a United States citizen child, and has never missed any of his scheduled appointments with the U.S. Immigration and Customs Enforcement (ICE). On March 25th, 2026, when reporting for his scheduled check-in at ICE headquarters in Burlington, Massachusetts, he was arrested and detained without any notice or opportunity to be heard.

2. Petitioner left Brazil in 2021 following threats against him for resisting gang recruitment and multiple incidents of violent victimization by criminals. He filed an application for asylum on November 19th, 2021, in which he is represented by below-signed counsel. *See* Exhibit A (USCIS Receipt Notice).

1

3.   Petitioner entered the United States without inspection on approximately March 4th, 2021. He was apprehended at the border and, upon information and belief, issued a Notice to Appear (NTA) and charged with having entered the United States without admission or inspection.[1] *See* 8 U.S.C. § 1182(a)(6)(A)(i); Exhibit B (Order of Release on Recognizance). He was subsequently released on his own recognizance. *Id*.

4.   On March 25th, 2026, U.S. Immigration and Customs Enforcement ("ICE") and/or other federal agents acting on ICE's behalf detained Petitioner. Petitioner is currently being held in ICE's custody at the Donald W. Wyatt Detention Center in Central Falls, Rhode Island.

5.   Petitioner is present in the United States and, on information and belief, the Department of Homeland Security (DHS) has alleged or will allege that Petitioner was not admitted or paroled into the United States and is subject to mandatory detention without a bond hearing by an Immigration Judge.

6.   Petitioner requests that the Court order him immediately released and require Respondents to hold a bond hearing before an Immigration Judge if they wish to re-detain him.

## JURISDICTION AND VENUE

7.   The Immigration Court lacks jurisdiction to adjudicate the constitutional claims raised by Petitioner, and any attempt to raise such claims would be futile.  *See Flores-Powell*, 677 F. Supp. 2d at 463 (holding "exhaustion is excused by the BIA's lack of authority to adjudicate constitutional questions and its prior interpretation" of the relevant statute).

---

[1] Counsel for the Petitioner have thus far been unable to obtain a copy of the Petitioner's NTA, which was confiscated upon his detention. However, the ICE Form I-220A issued to Petitioner on March 10, 2021 indicates he was placed into removal proceedings under INA § 236/8 USC § 1226.

8.   This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause).

9.   Venue is proper in this District because Petitioner is being held in Central Falls, RI, which is in this District. Venue is also proper in this District because Respondents are officers and employees of the United States and no real property is at issue. 28 U.S.C. § 1391(e).

## PARTIES

10. Petitioner Rodrigo Carvalho de Andrade is an applicant for asylum. Petitioner is currently detained at Donald W. Wyatt Detention Facility in Central Falls, Rhode Island. He is in the custody, and under the direct control, of Respondents and their agents.

11. Respondent Michael Nessinger is the Warden of the Donald W. Wyatt Detention Facility and is petitioner's immediate custodian.

12. Respondent David Wesling is the Boston Acting Field Office Director for U.S. Immigration and Customs Enforcement.

13. Respondent Todd Lyons is the Acting Director for U.S. Immigration and Customs Enforcement.

14. Respondent Kristi Noem is the U.S. Secretary of Homeland Security.

15. All respondents are named in their official capacities. One or more of the respondents is Petitioner's immediate custodian.

## LEGAL FRAMEWORK

16. Respondents have detained Petitioner based on their claim that he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). However, Petitioner cannot be subject to mandatory detention under 8 U.S.C. § 1225(b)(2), including because, as a person already present in the United

States, Petitioner is not currently "seeking admission" to the United States. *See Romero v. Hyde*, __ F.3d __, No. 25-11631, 2025 WL 2403827, at *1, 8-13 (D. Mass. Aug. 19, 2025).

17. On information and belief, Petitioner was not, at the time of arrest, paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A), and therefore Petitioner cannot "be returned" under that provision to mandatory custody under 8 U.S.C. § 1225(b) or any other form of custody. Petitioner is not subject to mandatory detention under § 1225 for this reason as well.

18. Instead, as a person arrested inside the United States and held in civil immigration detention, Petitioner is subject to detention, if at all, pursuant to 8 U.S.C. § 1226. *See Romero*, 2025 WL 2403827, at *1, 8-13 (collecting cases).

19. Petitioner is not lawfully subject to mandatory detention under 8 U.S.C. § 1226(c), including because he has not been convicted of any crime that triggers such detention. *See Demore v. Kim*, 538 U.S. 510, 513-14, 531 (2003) (allowing mandatory detention under § 1226(c) for brief detention of persons convicted of certain crimes and who concede removability).

20. Accordingly, Petitioner is subject to detention, if at all, only under 8 U.S.C. § 1226(a).

21. As a person detained under 8 U.S.C. § 1226(a), Petitioner must, upon his request, receive a custody redetermination hearing (colloquially called a "bond hearing") with strong procedural protections. *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021); *Doe v. Tompkins*, 11 F.4th 1, 2 (1st Cir. 2021); *Brito v. Garland*, 22 F.4th 240, 256-57 (1st Cir. 2021) (affirming class-wide declaratory judgment); 8 C.F.R. 236.1(d) & 1003.19(a)-(f). *See also Rodriguez v. Nessinger*, No. 25-cv-505-MSM-AEM, at *2 (D.R.I. Oct. 17, 2025) (McElroy, J.)

22. However, on September 5, 2025, in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), the Board of Immigration Appeals issued a decision that purports to require the Immigration Court to unlawfully deny a bond hearing to all persons such as Petitioner. The *Yajure Hurtado*

4

decision represents a dramatic change in long-standing agency interpretation and application of the Immigration and Nationality Act.[2]

23. By issuance of the *Yajure Hurtado* decision, the responsible administrative agency has predetermined that Petitioner will be denied a bond hearing.

24. On December 19, 2025, the District Court of Massachusetts issued a ruling that certain immigration detainees may be unlawfully detained and may seek release on bond or conditional parole under 8 U.S.C. § 1226(a). *Guerrero Orellana v. Moniz*, 2025 WL 3687757, at *10 (D. Mass. Dec. 19, 2025). The District Court certified a class of all individuals who are detained in a geographical area where a Massachusetts Immigration Court is the administrative control court and who were not placed in expedited removal proceedings, not admitted nor paroled into the United States, and not subject to mandatory detention under §1226(c) or post-final order detention under § 1231. *Id.* The court held that the class members are detained under 8 U.S.C. § 1226(a), and thus may not be denied consideration for release on bond under § 1225(b)(2)(A). *Guerrero Orellana*, 2025 WL 2687757, at *10.

25. Nonetheless, the EOIR and its subagency the Immigration Court and DHS have blatantly refused to abide by the declaratory relief and have unlawfully ordered that Petitioner be denied the opportunity to be released on bond.

26. Petitioner meets the requirements for membership in, and is a member of, the class certified by this Court in *Guerrero Orellana v. Moniz*, --- F. Supp. ---, 2025 WL 3033769, at *14

---

[2] The BIA's reversal and revised interpretation of the statute are not entitled to any deference. *See Loper Bright Ent. v. Raimondo*, 603 U.S. 369, 412-13 (2024). *See also Elias Escobar v. Hyde*, 2025 WL 2823324, at *3 (D. Mass. October 3, 2025) (rejecting the BIA's reasoning in *Matter of Yajure Hurtado* because, in part, "the decision is inconsistent with other BIA decisions and with decades of the Department of Homeland Security's practice"*; Chogllo Chafla v. Scott,* 2025 WL 2688541, at *7-8 (D. Me. Sept. 22, 2025) (same).

(D. Mass. Oct. 30, 2025) (defining the class); see also *Guerrero Orellana v. Moniz*, --- F. Supp. 3d --, 2025 WL 3687757, at *10 (D. Mass. Dec. 19, 2025) (modifying the class), as follows:

    a. On information and belief, Petitioner is currently being held in ICE's custody in the District of Massachusetts;

    b. Petitioner is not in any Expedited Removal process under 8 U.S.C. § 1225(b)(1), does not have an Expedited Removal order under 8 U.S.C. § 1225(b)(1), and is not currently in proceedings before an immigration judge due to having been found to have a credible fear of persecution under 8 U.S.C. § 1225(b)(1)(B)(ii);

    c. For the Petitioner's most recent entry into the United States, the government has not alleged that Petitioner was admitted into the United States and has not alleged that Petitioner was paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A) at the time of entry or after continuous detention upon arrival;

    d. Petitioner does not meet the criteria for mandatory detention pursuant to 8 U.S.C. § 1226(c);

    e. Petitioner is not subject to post-final order detention under 8 U.S.C. § 1231; and

    f. Petitioner is not a person whose most recent arrest occurred at the border while they were arriving in the United States and has been continuously detained thereafter.

27. Respondents are bound by the injunction in *Guerrero Orellana*, as they have the full "force and effect of a final judgment." 28 U.S.C. § 2201(a). Nevertheless, Respondents continue to flagrantly defy the judgment in that case and continue to subject Petitioner to unlawful detention despite his clear entitlement to consideration for release on bond as Bond Eligible Class member.

28. Immigration judges have informed class members in bond hearings that they have been instructed by "leadership" that the injunction in *Guerrero Orellana* is not controlling, even with respect to class members, and that instead IJs remain bound to follow the agency's prior decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). See also, https://www.aila.org/library/practice-alert-eoir-issues-nationwide-guidance-on-maldonado-bautista (last visited January 15, 2026).

29. Petitioner is being irreparably harmed by his ongoing unlawful detention without a bond hearing. *See Romero*, 2025 WL 2403827, at *6-8 (no exhaustion required because "[o]bviously,

the loss of liberty is a . . . severe form of irreparable injury" (internal quotation marks omitted));

*Flores Powell v. Chadbourne*, 677 F. Supp. 2d 455, 463 (D. Mass. 2010) (declining to require

administrative exhaustion, including because "[a] loss of liberty may be an irreparable harm");

*cf. Brito v. Garland*, 22 F.4th 240, 256 (1st Cir. 2021) (citing *Bois v. Marsh*, 801 F.2d 462 468

(D.C. Cir. 1986), for proposition that "'[e]xhaustion might not be required if [the petitioner] were

challenging his incarceration . . . or the ongoing deprivation of some other liberty interest'").

30. The Immigration Court lacks jurisdiction to adjudicate the constitutional claims raised by

Petitioner, and any attempt to raise such claims would be futile.  *See Flores-Powell*, 677 F. Supp.

2d at 463 (holding "exhaustion is excused by the BIA's lack of authority to adjudicate

constitutional questions and its prior interpretation" of the relevant statute).

31. There is no statutory requirement for Petitioner to exhaust administrative remedies.  *See*

*Gomes v. Hyde*, No. 25-11571, 2025 WL 1869299, at *4 (D. Mass. July 7, 2025) ("[E]xhaustion

is not require by statute in this context."); *Romero,* 2025 WL 2403827, at *6-8.

32. Accordingly, there is no requirement for Petitioner to further exhaust administrative

remedies before pursuing this Petition.  *See Portela-Gonzalez v. Sec'y of the Navy*, 109 F.3d 74,

(1st Cir. 1997) (explaining that, where statutory exhaustion is not required, administrative

exhaustion not required in situations of irreparable harm, futility, or predetermined outcome).

33. Based on these well-established principles, this court has specifically rejected the

argument that exhaustion is required in a detained noncitizen's challenge to the BIA's decision in

*Matter of Yajure Hurtado. See Ayala Casun v. Hyde*, No. 25-cv-427-JJM-AEM, 2025 WL

2806769, at *3 (D.R.I. Oct. 2, 2025); *Rodriguez v. Bondi*, No. 25-cv-406-JJM-PAS, 2025 WL

2899769, at *4 (D.R.I. Oct. 10. 2025).

34. As a noncitizen released on an Order of Release on Recognizance, Petitioner's due process rights have been violated by his re-detention without demonstrating a change in circumstances.

35. Petitioner is entitled to an individualized determination of detention status. *See Nguyen v. Hyde,* 1:25-cv-11470 (D.Mass. June 20, 2025) (holding that ICE's decision to re-detain a non-citizen who is subject to an Order of Supervision ("OSUP") must result from (1) the agency's individualized determination that, (2) based on changed circumstances, (3) removal has become significantly likely in the reasonably foreseeable future); *Perez-Escobar v. Moniz*, No. 25-cv-11781-PBS (D.Mass. July 24, 2025) (holding that where DHS provided only conclusory statements to support re-detention of immigrant released on conditions, immigrant's due process right to adequate notice and an opportunity to be heard at a meaningful time and in a meaningful manner was violated, and the immigrant was ordered released subject to the same conditions of release as previously had been in effect); *Devitri v. Cronen*, 290 F. Supp. 3d 86, 90, 95 (D. Mass. 2017) (holding that where the petitioners experienced abrupt changes to their Orders of Supervision without adequate notice, depriving them of an opportunity to exercise their due process rights or move to reopen their cases.)

### STATEMENT OF FACTS

36. Petitioner is a 37-year-old man from Brazil. He fled his home country in fear for his life, and entered the United States on approximately March 4th, 2021.

37. He was detained shortly thereafter and, upon information and belief, was issued a Notice to Appear that charges him with being an alien present in the United States who had not been admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i); Exhibit A; note 1 *supra*.

8

38. Petitioner was released on his own recognizance on March 10th, 2023, and placed in an Alternatives to Detention (ATD) program. *See* Exhibit A. Upon information and belief, he has complied with all the reporting requirements specified in his release order, and has never missed a scheduled check-in appointment with ICE.

39. Petitioner has no criminal arrests or convictions.

40. Petitioner resides in Everett, Massachusetts with his partner and their three-year-old son, a United States citizen. *See* Exhibit C (Birth Certificate).

41. Petitioner holds employment authorization valid until November 5, 2030 based on his pending application for asylum. *See* Exhibit D (Employment Authorization Document). Upon information and belief, petitioner has been gainfully employed since receiving his work authorization and has no criminal record.

42. On March 25th, 2026, Petitioner was arrested and detained by ICE when he arrived at his scheduled check-in appointment. Petitioner is now incarcerated at Wyatt Detention Facility.

43. Because ICE has charged Petitioner as being present without admission or parole, see Exhibit 1, Petitioner believes the Immigration Judge will determine that she does not have jurisdiction to hold a Bond hearing in this case.

44. As a result, Petitioner remains in detention. Without relief from this court, he faces the prospect of months, or even years, in immigration custody, separated from his community and unable to work.

## CLAIMS FOR RELIEF

### COUNT ONE
### Violation of 8 U.S.C. 1226(a) and Associated Regulations

45. Petitioner incorporates by reference the allegations of fact set forth in the preceding paragraphs.

9

46. Petitioner may be detained, if at all, pursuant to 8 U.S.C. § 1226(a).

47. Under § 1226(a) and its associated regulations, Petitioner is entitled to a bond hearing. *See* 8 C.F.R. 236.1(d) & 1003.19(a)-(f).

48. Petitioner has not been, and will not be, provided with a bond hearing as required by law.

49. Petitioner's continuing detention is therefore unlawful.

## COUNT TWO
### Violation of Fifth Amendment Right to Due Process
### (Failure to Provide Bond Hearing Under 8 U.S.C. § 1226(a))

50. Because Petitioner is a person arrested inside the United States and is subject to detention, if at all, under 8 U.S.C. § 1226(a), the Due Process Clause of the Fifth Amendment to the United States Constitution requires that Petitioner receive a bond hearing with strong procedural protections. *See Hernandez-Lara*, 10 F.4th at 41; *Doe*, 11 F.4th at 2; *Brito*, 22 F.4th at 256-57.

51. Petitioner has not been, and will not be, provided with a bond hearing as required by law.

52. Petitioner's continuing detention is therefore unlawful.

## COUNT THREE
### Violation of Fifth Amendment Right to Due Process
### (Failure to Provide an Individualized Hearing for Domestic Civil Detention)

53. "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987).

54. The Fifth Amendment's Due Process Clause specifically forbids the Government to "deprive[]" any "person . . . of . . . liberty . . . without due process of law." U.S. CONST. amend. V.

55. "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*,

533 U.S. 678, 693 (2001); *see Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953) ("[A]liens who have once passed through our gates, even illegally, may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law"); *cf. Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 139-40 (2020) (holding noncitizens due process rights were limited where the person was not residing in the United States, but rather had been arrested 25 yards into U.S. territory, apparently moments after he crossed the border while he was still "on the threshold").

56. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty" protected by the Due Process Clause. *Zadvydas*, 533 U.S. 678 at (2001)

57. The Supreme Court has thus "repeatedly recognized that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection," including an individualized detention hearing. *Addington v. Texas*, 441 U.S. 418, 425 (1979) (collecting cases); *see also Salerno*, 481 U.S. at 755 (requiring individualized hearing and strong procedural protections for detention of people charged with federal crimes); *Foucha v. Louisiana,* 504 U.S. 71, 81-83 (1992) (same for civil commitment for mental illness); *Kansas v. Hendricks,* 521 U.S. 346, 357 (1997) (same for commitment of sex offenders).

58. Petitioner was arrested inside the United States and is being held without being provided any individualized detention hearing.

59. Petitioner's continuing detention is therefore unlawful, regardless of what statute might apply to purportedly authorize such detention.

**COUNT FOUR**
**Violation of Fifth Amendment Right to Due Process**
**(Substantive Due Process)**

60. Because Petitioner is not being provided a bond hearing, the government is not taking any steps to effectuate its substantive obligation to ensure that immigration detention bears a "reasonable relation" to the purposes of immigration detention (*i.e.*, the prevention of flight and danger to the community during the pendency of removal proceedings) and is not impermissibly punitive. *See Zadvydas*, 533 U.S. at 690; *Demore*, 538 U.S. at 532-33 (Kennedy, J., concurring).

61. Petitioner's detention is therefore unlawful, regardless of what statute might apply to purportedly authorize such detention.

**COUNT FIVE**
**Violation of the INA: Request for Relief Pursuant to *Guerrero Orellana***

62. Petitioner incorporates by reference the allegations of fact set forth in the preceding paragraphs.

63. As a member of the Bond Eligible Class from *Guerrero Orellana*, Petitioner is entitled to consideration for release on bond under 8 U.S.C. § 1226(a).

64. The order in *Guerrero Orellana* holds that Respondents violate the INA in applying the mandatory detention statute at § 1225(b)(2) to class members.

65. Respondents are parties to *Guerrero Orellana* and bound by the Court's declaratory judgment, which has the full "force and effect of a final judgment." 28 U.S.C. § 2201(a).

66. By denying Petitioner a bond hearing under § 1226(a) and asserting that he is subject to mandatory detention under § 1225(b)(2). Respondents violate Petitioner's statutory rights under the INA and the Court's judgment in *Guerrero Orellana*.

67. Petitioner may be detained, if at all, only pursuant to 8 U.S.C. § 1226(a).

68. Under § 1226(a) and its associated regulations, Petitioner is entitled to a bond hearing. *See* 8 C.F.R. 236.1(d) & 1003.19(a)-(f).

69. Petitioner has not been, and will not be, provided with a bond hearing as required by law.

70. Petitioner's continuing detention is therefore unlawful

## **PRAYER FOR RELIEF**

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1) Assume jurisdiction over this matter;

(2) Order that Petitioner shall not be transferred outside the District of Rhode Island;

(3) Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days.

(4) Declare that Petitioner's detention is unlawful.

(5) Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately, or, in the alternative, provide Petitioner with a bond hearing and order Petitioner's release on conditions the Court deems just and proper.

(6) Order Respondents to return Petitioner's property upon release from immigration custody;

(7) Award Petitioner's attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C. § 2412, and on any other basis justified under law; and

(8) Grant any further relief this Court deems just and proper.

Respectfully submitted,

Rodrigo Carvalho de Andrade,

By and through his Counsel,

Dated: March 27, 2026

/s/ Stephen M. Born
Mills & Born, LLC
33 Chelsea St.
Everett, MA 02149
(781) 321-1402
sborn@millsandborn.com

*Counsel for Petitioner*

13

## VERIFICATION PURSUANT TO 28 U.S.C. § 2242

I represent Petitioner, Rodrigo Carvalho de Andrade, and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 27 day of March, 2026.

/s/ Stephen M. Born
Stephen M. Born